ISABEL PACHECO, Petitioner-Appellee, v. ALBERTO SILVA, Respondent-Appellant.

First District (1st Division)   No. 1—89—1281

Opinion filed February 13, 1990.

Eugene Lieberman, of Wilmette, for appellant.

Rosenbloom & Rosenbloom, of Chicago (Alvin E. Rosenbloom, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Respondent appeals from entry of an attorney fee award accompanying an order to modify child support in a paternity suit. Respondent contends that there was no statutory authority supporting the grant of attorney fees and that the trial court erred in finding petitioner's income inadequate to pay her own attorney fees.

The trial court granted petitioner's request for increased child support on December 28, 1987, retroactive to January 1, 1987. Shortly thereafter, petitioner filed a request for attorney fees, and a hearing was held on February 27, 1989. The trial court then requested that each party file a memorandum in support of his position and scheduled a date for a ruling. On April 19, 1989, the trial court entered an order which stated that it had jurisdiction to enter an award of attorney fees, that respondent pay $2,000 as his share of petitioner's attorney fees and that respondent pay $287.40 as one-half of petitioner's court costs.

■ There is no disagreement to respondent's first argument that attorney fees cannot be awarded absent contractual or statutory authority. Respondent then argues that section 9 of the Paternity Act does not allow an award of attorney fees in a post-judgment proceeding. (Ill. Rev. Stat. 1983, ch. 40, par. 1359.) However, as noted by petitioner, the Paternity Act including this section was repealed in 1985, well before post-judgment proceedings were initiated in this cause.

■ The argument addressed by petitioner is whether section 17 of the Illinois Parentage Act of 1984, which replaced the Paternity Act, forbids an award of attorney fees when a post-judgment motion is brought. (Ill. Rev. Stat. 1987, ch. 40, par. 2517.) The original language of the section allowed recovery of attorney fees and costs but did not specifically include post-trial motions as such a proceeding where attorney-fee awards could be granted by the trial court. We note, however, that this section has since been amended and now specifically allows awards of attorney fees and costs in a post-trial proceeding. This amendment was effective January 1, 1989, which was just prior to the attorney-fee award entered in this cause. Ill. Rev. Stat., 1988 Supp., ch. 40, par. 2517.

■ Respondent urges us to limit the trial court's authority to enter such awards to those cases in which the entire post-trial proceeding occurred after January 1, 1989, but respondent relies on an appellate decision which considered section 9 of the now-repealed Paternity Act. Although the matter addressed by the court in *Fink v. Roller* (1983), 113 Ill. App. 3d 1084, 448 N.E.2d 204, was similar to that before us here, we are not bound by its decision. Section 17 of the Parentage Act now allows an award of fees in a post-trial proceeding, and we reject respondent's restrictive approach. Thus, we decline to rule that the trial court lacked authority to grant attorney fees in a post-judgment proceeding in light of its current clear statutory authority to do so.

■ ■ Respondent also contends that petitioner had the ability to pay her own attorney fees and the trial court erred in requiring respondent to pay a portion of them. We disagree. In order to justify a fee award, a party must show financial inability to pay and the ability of the other party to do so. (*Carvallo v. Carvallo* (1978), 62 Ill. App. 3d 394, 378 N.E.2d 1288.) In the case at bar, respondent stipulated to his own ability to pay whatever reasonable fee was awarded, and the evidence showed that respondent earned nearly $300,000 gross income per year and that petitioner earned $23,000 per year. It is not necessary that one party be destitute in order to support a fee award. (*Gilmore v. Gilmore* (1979), 74 Ill. App. 3d 831, 393 N.E.2d 33.) It is

sufficient that disbursement of the petitioner's funds would exhaust her own estate or undermine her economic stability. (*Donnelley v. Donnelley* (1980), 80 Ill. App. 3d 597, 400 N.E.2d 56.) An attorney fee award will not be disturbed unless the trial court has clearly abused its discretion (*Donnelley*, 80 Ill. App. 3d 597, 400 N.E.2d 56), and respondent has failed to show an abuse of the trial court's discretion in this case.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

CAMPBELL and O'CONNOR, JJ., concur.