*In re* THE MINOR CHILD ALEXIS STELLA, (Patrick Stella, Petitioner-Appellee, v. Pearl Garcia, Respondent-Appellant.)

First District (2nd Division)    No. 1—04—0592

Opinion filed October 19, 2004.

Law Offices of Sue Roberts-Kurpis, P.C. (Sue Roberts-Kurpis, of counsel), and Law Office of John A. Clark (John A. Clark, of counsel), both of Chicago, for appellant.

Patrick Stella, of Orland Park, for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

This case illustrates the doctrine of unintended consequences. It arises out of *In re Minor Child Stella* (*Stella I*), 339 Ill. App. 3d 610, 791 N.E.2d 187 (2003), where we were asked to decide whether section 17 of the Illinois Parentage Act of 1984 (Parentage Act) (750 ILCS 45/17 (West 2002)) allows a trial judge to order an attorney to pay to an opposing attorney retainers or interim payments received from a client—a procedure commonly referred to as "disgorgement," a device for leveling the playing field. We held it does not.

The trial court in this case, relying entirely on *Stella I*, held the Parentage Act does not provide for interim attorney fees. We intended no such result and today we clear the air by addressing two questions certified for interlocutory appeal pursuant to Illinois Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)):

"Question 1: Can interim attorney's fees be awarded under section 17 of the [Parentage Act]?

Question 2: If the answer to Question 1 is 'Yes,' can those interim attorney's fees be awarded using the methods, factors, and procedures, set forth in section 501(c—1)(1), (2), and (3) of the [Marriage Act] without considering disgorgement?"

We answer the certified questions "yes" and "yes."

BACKGROUND

*Stella I* began when Patrick Stella filed a petition under the Parentage Act to establish a parent-child relationship with his daughter, Alexis. During the proceedings, respondent Pearl Garcia filed a petition seeking attorney fees and costs under section 17 of the Parentage Act and sections 508 and 501(c—1) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/508, 501(c—1) (West 2002)). The trial court ordered Stella's attorney to pay Garcia's attorney $20,000, that sum representing a portion of the fees Stella had paid his attorney. That is, disgorgement was ordered.

Stella's lawyer refused to pay, contending the disgorgement provision in section 501(c—1)(3) did not apply to parentage proceedings. The trial court entered a finding of contempt and ordered the attorney to pay a dollar a day for as long as he did not comply with the order. The attorney appealed. We held the trial court did not have the authority to order the attorney to disgorge money he had received from his client and then pay it to Garcia's attorney. Thus, *Stella I*.

This case comes to us because the trial court read *Stella I* as requiring denial of Garcia's petition for interim attorney fees. The certified questions were framed and we granted an application for leave to appeal pursuant to Illinois Supreme Court Rule 308(a). 155 Ill. 2d R. 308(a). Appellant raises several constitutional issues, but we believe this is a matter that can be resolved by applying rules of statutory construction. See *City of Chicago v. Powell*, 315 Ill. App. 3d 1136, 1140, 735 N.E.2d 119 (2000) (a reviewing court should not reach constitutional issues if the case can be determined on other grounds).

DECISION

We review issues of statutory construction *de novo*. *In re Marriage of Beyer*, 324 Ill. App. 3d 305, 309, 753 N.E.2d 1032 (2001). In construing a statute, our goal is to effectuate the legislature's intent. *People v. Pullen*, 192 Ill. 2d 36, 42, 733 N.E.2d 1235 (2000). We look first to the language of the statute, the most reliable indicator of legislative intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 504, 732 N.E.2d 528 (2000). We cannot read words into a statute that are not there. *Chicago Tribune Co. v. Board of Education of the City of Chicago*, 332 Ill. App. 3d 60, 67, 773 N.E.2d 674 (2002). "Nor, under the guise of statutory interpretation, can we 'correct' an apparent legislative oversight by rewriting a statute in a manner inconsistent with its clear and unambiguous language." *Pullen*, 192 Ill. 2d at 42.

Actions brought under the Parentage Act are entirely statutory in origin, and the court has no inherent power in parentage cases. *Stella I*, 339 Ill. App. 3d at 614. See *In re Parentage of Melton*, 314 Ill.

App. 3d 476, 478-79, 732 N.E.2d 11 (2000) (trial court had no authority in a parentage action to issue an injunction preventing the custodial parent from removing the child from the state under the Marriage Act).

To answer the certified questions in this case we travel a tortuous path, from the Parentage Act to one, and then another, provision of the Marriage Act.

■ First, section 17 of the Parentage Act:

"Except as otherwise provided in this Act, the court may order reasonable fees of counsel, experts, and other costs of the action, pre-trial proceedings, post-judgment proceedings to enforce or modify the judgment, and the appeal or the defense of an appeal of the judgment, *to be paid by the parties in accordance with the relevant factors specified in Section 508 of the [Marriage Act], as amended.*" (Emphasis added.) 750 ILCS 45/17 (West 2002).

Section 17 has not been amended since 1990. But the Marriage Act was. On June 1, 1997, legislative action created "a new regime governing the award of attorney fees." *In re Marriage of Beyer*, 324 Ill. App. 3d at 310; Pub. Act 89—712, eff. June 1, 1997.

Section 508 of the Marriage Act now states, in part:

"(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order any party to pay a reasonable amount for his own or the other party's costs and attorney's fees. Interim attorney's fees and costs *may be awarded from the opposing party, in accordance with subsection (c—1) of Section 501* [750 ILCS 5/501]." (Emphasis added.) 750 ILCS 5/508(a) (West 2002).

Section 17 of the Parentage Act does not use the words "interim fees," but it does refer to payment of attorney fees for every stage of the proceedings, and then it aims directly at section 508 of the Marriage Act for the specified "relevant factors" that guide payment of the attorney fees "by the parties." Here, we run into a hitch. Section 508 does not contain any specified relevant factors. Instead, it points to subsection 501(c—1) for the way "[i]nterim attorney's fees and costs may be awarded from the opposing party." 750 ILCS 5/508(a) (West 2002). Section 508 does not direct the reader to any particular part of subsection 501(c—1).

Subsection 501(c—1) first defines an "interim award" as "an award of interim attorney's fees and costs." 750 ILCS 5/501(c—1) (West 2002). Then, in subsection (c—1)(1), it sets out a procedure for filing a petition for interim fees, setting forth nine factors for courts to consider when making an award.

Subsection (c—1)(2) provides that an interim award shall be

without prejudice as to any final allocation or claim of right of party or counsel and provides for the remittance of an overpayment back to the appropriate party.

Subsection (c—1)(3) is the provision that seeks to level the playing field. It provides an interim award shall be "in an amount necessary to enable the petitioning party to participate adequately in the litigation" after determining one party's ability to pay and the other party's inability to pay reasonable amounts. 750 ILCS 5/501(c—1)(3) (West 2002). This is where we find the disgorgement provision: if the court finds both parties lack financial ability to pay reasonable attorney fees, the court "shall enter an order that allocates available funds for each party's counsel, *including retainers or interim payments, or both, previously paid, in a manner that achieves substantial parity between the parties.*" (Emphasis added.) 750 ILCS 5/501(c—1)(3) (West 2002).

This new interim fee system was an attempt to address the problem of the "economically disadvantaged spouse," where one spouse uses his or her greater control of assets or income as a litigation tool, making it difficult for the disadvantaged spouse to participate adequately in the litigation. See D. Hopkins, *A General Explanation of the "Leveling of the Playing Field" in Divorce Litigation Amendments*, 11-SEP CBA Rec. 32 (1997). Provisions for interim awards were intentionally shifted from section 508 to section 501, which provides interim fee hearings may be nonevidentiary, the court hearing arguments of counsel but otherwise ruling on the pleadings and affidavits. See D. Hopkins, *"Leveling the Playing Field" in Divorce: Questions and Answers About the New Law*, 85 Ill. B.J. 410, 411 (1997).

Neither of the articles written by the bar association committees that promoted the 1997 amendments suggests that the level-playing-field provisions in subsection (c—1)(3) were intended to apply to parentage actions.

We turn now to the precise words of the statutes. We believe their language is clear, so we give effect to their ordinary and plain meaning, without resorting to other aids of construction. See *In re Marriage of Beyer*, 324 Ill. App. 3d at 310. Our primary goal is to give effect to the intent of the legislature. *People v. Belk*, 203 Ill. 2d 187, 192, 784 N.E.2d 825 (2003).

Section 17 of the Parentage Act allows a court to order "reasonable fees of counsel, experts, and other costs of the action, pre-trial proceedings, post-judgment proceedings to enforce or modify the judgment, and the appeal or the defense of an appeal of the judgment, *to be paid by the parties* in accordance with the relevant factors specified in Section 508 of the [Marriage Act]." (Emphasis added.) 750 ILCS 45/17 (West 2002).

Section 508 of the Marriage Act, even before the 1997 amendments, referred to fees ordered "from time to time" during a case. 750 ILCS 5/508(a) (West 1996). It is clear that the preamended section 508 allowed temporary fees. See *In re Marriage of Beyer*, 324 Ill. App. 3d at 310; D. Hopkins, *A General Explanation of the "Leveling of the Playing Field" in Divorce Litigation Amendments*, 11-SEP CBA Rec. 32, 32 (1997) ("one of the most serious flaws of prior law concerned 'old § 508's' provisions regarding 'temporary fees,' especially the apparent statutory requirement for an evidentiary hearing").

Our courts have held attorney fees cannot be awarded in paternity actions without contractual or statutory authority. *Pacheco v. Silva*, 194 Ill. App. 3d 620, 622, 551 N.E.2d 316 (1990); *Fink v. Roller*, 113 Ill. App. 3d 1084, 1090, 448 N.E.2d 204 (1983). That flat statement does not resolve our inquiry; it begins it. We do not examine section 17 in isolation. It must be read with section 508 and then section 501(c—1) of the Marriage Act. *Heiden v. Ottinger*, 245 Ill. App. 3d 612, 616, 616 N.E.2d 1005 (1993). While section 17 makes no specific reference to interim fees, it requires entry into section 508, which does. Nothing in section 17 limits the subparagraphs of section 508. That lack of limitation was held to be "significant" even before the 1997 amendments to the Marriage Act. *Heiden*, 245 Ill. App. 3d at 616.

■ Section 508 of the Marriage Act now states, in part: "[i]nterim attorney's fees and costs may be awarded *from the opposing party*, in accordance with subsection (c—1) of Section 501." (Emphasis added.) 750 ILCS 5/508(a) (West 2002). Based on the statutory language, we believe the legislative intent was for courts to use the factors and procedures listed in subsection 501(c—1) when awarding interim fees to be paid by a party in a paternity action. Section 17 of the Parentage Act refers to the "relevant factors specified in Section 508" of the Marriage Act, and section 508 directs us to subsection 501(c—1) for those factors.

We recognize that a "fundamental reason" for the new interim fee system contained in the Marriage Act is to "prevent a party from using his or her relative wealth as a litigation tool." D. Hopkins, *"Leveling the Playing Field" in Divorce: Questions and Answers About the New Law*, 85 Ill. B.J. 410, 411 (1997). We note that the Parentage Act authorizes judgments concerning issues that regularly arise in Marriage Act proceedings—custody, child support, guardianship, visitation. 750 ILCS 45/14(a)(1), (a)(2) (West 2000). Providing interim attorney fees in Parentage Act and Marriage Act cases well might produce similar public policy benefits that would not have escaped the legislature's attention: avoiding long delays, discouraging the use of superior assets as a litigation tool, encouraging attorneys to undertake

parentage actions, and reducing the risk of simply outlasting the disadvantaged party. We do not see that the lack of a marital estate as a source of fees has any particular bearing on our resolution of legislative intent. Our holding in *Stella I* that courts are not authorized to order disgorgement of fees in parentage cases is unaffected. The authorizing phrase in section 508, "from the opposing party," refers only to fees paid by a "party," not by an attorney. 750 ILCS 5/508(a) (West 2002). We presume the legislature knew the difference between a party and an attorney when it amended the statutes.

While interim fees had been in existence for some time before 1997, disgorgement was a radical and dramatic change in the law with no precedent we can find. Had the legislature wished to authorize judges to order disgorgement of attorney fees in Parentage Act cases, it could have amended section 17 of the Parentage Act to say so ("paid by the parties or a party's attorney," for example). It did not. Neither will we. "Under the guise of construction, a court may not supply omissions, remedy defects, annex new provisions, substitute different provisions, add exceptions, limitations, or conditions, or otherwise change the law so as to depart from the plain meaning of language employed in the statute." *In re Marriage of Beyer*, 324 Ill. App. 3d at 309-10, citing *Superior Structures Co. v. City of Sesser*, 292 Ill. App. 3d 848, 852, 686 N.E.2d 710 (1997).

We answer the certified questions as follows:

"Question 1: Can interim attorney's fees be awarded under section 17 of the [Parentage Act]?" Yes.

"Question 2: If the answer to Question 1 is 'Yes,' can those interim attorney's fees be awarded using the methods, factors, and procedures, set forth in section 501(c—1)(1), (2), and (3) of the [Marriage Act] without considering disgorgement?" Yes.

Cause remanded for further proceedings.

HALL and GARCIA, JJ., concur.